**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ERIC MORRIS and HIAWATHA POWELL, Individually and as Next Friend to JAQUERA POWELL, ARMONI PAIGE, QUENJADIA KNOTT, and JPSHUA PAIGE, Minors** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:15-cv-00255-DPJ-FKB** |
| **BANK OF AMERICA CORPORATION, SAFEGUARD PROPERTIES, LLC, and Fictitiously-Named Defendants X WINTERIZING CO. JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5, whose proper names are yet unknown but will added by timely amendment when ascertained** | **DEFENDANTS** |

# ANSWER AND AFFIRMATIVE DEFENSES OF BANK OF AMERICA, N.A.

COMES NOW, Defendant Bank of America, N.A. ("BANA"), incorrectly identified as Bank of America Corporation, through counsel, and answers each numbered paragraph of the Complaint filed by Plaintiffs Eric Morris and Hiawatha Powell, individually and as next friend to her minor children ("Plaintiffs"). Except to the extent expressly, specifically, and unambiguously admitted herein, BANA denies each and every allegation contained in the Complaint. BANA answers as follows:

I. BANA denies that Plaintiffs reside at 1855 West County Line Road, Jackson, MS 39213. BANA is without sufficient information to admit or deny the remaining allegations in Paragraph I and, therefore, denies the same.

II. BANA states as follows in response to Paragraph II: BANA is a subsidiary of Bank of America Corporation ("BAC"). Notwithstanding this corporate subsidiary relationship, BANA remains a distinct, separate company from BAC. Accordingly, BANA states that the

allegations in Paragraph II are not directed to BANA and therefore does not require a response from BANA. BANA does, however, state that it is a national association organized under the laws of the United States with its principal place of business in North Carolina.

III. BANA states that the allegations in Paragraph III are not directed at BANA and, therefore, denies the same.

IV. BANA states that the allegations in Paragraph IV are not directed at BANA and, therefore, denies the same.

V. BANA states that the allegations in Paragraph V are not directed at BANA and, therefore, denies the same.

## JURISDICTION AND VENUE

VI. BANA admits the allegations in Paragraph VI but notes that this case was not originally filed in the Circuit Court of Hinds County, Mississippi.

VII. Upon information and belief, BANA admits that venue is proper. BANA, however, denies that venue is proper pursuant to Miss. Code Ann. § 9-9-21, because said statute does not relate to venue.

## FACTUAL ALLEGATIONS

VIII. BANA states that the Complaint for Unlawful Entry and Detainer speaks for itself and denies any allegations inconsistent with or contrary to the terms of said document.

IX. BANA is currently without sufficient information to admit or deny the allegations in the first sentence of Paragraph IX and, therefore, denies the same. With respect to the remaining allegations in Paragraph IX, BANA states that the Order and Judgment for Possession referenced therein speaks for itself and denies any allegations inconsistent with or contrary to the terms of said order.

X. Denied.

XI. Denied.

XII. Denied.

XIII. Denied.

**COUNT ONE – CONSPIRACY TO COMMIT**
**TRESPASS, CONVERSION, AND/OR UNLAWFUL OUTSTER OR EXCLUSION**

XIV. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XV. BANA states that the Order and Judgment for Possession referenced in Paragraph XV speaks for itself and denies any allegations inconsistent with or contrary to the terms of said order.

XVI. Denied.

XVII. Denied.

**COUNT II – TRESPASS**

XVIII. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XIX. Denied.

XX. Denied.

**COUNT III – CONVERSION**

XXI. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XXII. Denied.

XXIII. Denied.

**COUNTY IV – INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS**

XXIV. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XXV. Denied.

XXVI. BANA denies the allegations in Paragraph XXVI and specifically denies that Plaintiffs are entitled to punitive damages.

XXVII. Denied.

**COUNT V – NEGLIGENCE**

XXVIII. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XXIX. The allegations in Paragraph XXIX contain legal conclusions to which a response is not required. To the extent a response is deemed necessary, BANA denies the allegations in Paragraph XXIX of the Complaint. BANA further states that the Order and Judgment for Possession referenced in Paragraph XXIX speaks for itself and denies any allegations inconsistent with or contrary to the terms of said order.

XXX. Denied.

XXXI. Denied.

XXXII. Denied.

**COUNTY VI – GROSS NEGLIGENCE AND/OR WANTONNESS**

XXXIII. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XXXIV. Denied.

XXXV. Denied.

XXXVI. Denied

**COUNTY VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

XXXVII. BANA restates and incorporates each of its responses to each of the allegations as set forth above.

XXXVIII. Denied.

XXXIX. Denied.

XXXX. BANA denies the allegations in Paragraph XXXX and its sub-parts a-e.

In response to the unnumbered paragraph entitled "PRAYER FOR RELIEF," BANA denies the allegations contained therein and specifically denies that Plaintiffs are entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

And now, having answered the Complaint paragraph by paragraph, BANA pleads the following additional defenses:

**GENERAL DENIAL**

BANA denies all allegations not specifically admitted herein. In addition, BANA denies tPlaintiffs are entitled to any recovery whatsoever from BANA.

**FIRST DEFENSE**

Plaintiffs' causes of action, separately and severally, fail to state a claim against BANA upon which relief can be granted, and therefore these allegations should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c).

**SECOND DEFENSE**

BANA includes, alleges, and incorporates each and every defense available to it as set forth in Fed. R. Civ. P. 12(b)(1)-(7), and on account thereof demands that the action herein against it be dismissed.

**THIRD DEFENSE**

Plaintiffs' claims are barred by their failure to comply with the terms of any contractual agreement to which they were bound.

**FOURTH DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitations.

**FIFTH DEFENSE**

The facts not having been developed, BANA adopts the following affirmative defenses: accord and satisfaction, setoff, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, parole evidence, statute of limitations, waiver, ratification, unclean hands, and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause.

**SIXTH DEFENSE**

Plaintiffs' claims are barred because the alleged damages, if any, are speculative in nature.

**SEVENTH DEFENSE**

Plaintiffs have suffered no present or actual injury sufficient to support a legal cause of action.

**EIGHTH DEFENSE**

Plaintiffs have failed to join all necessary parties to this action.

**NINTH DEFENSE**

Plaintiffs' claims are not ripe for adjudication.

**TENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because the matters complained about were adequately disclosed; Plaintiffs failed to read documents that were provided; failed to act diligently; and failed to make reasonable inquiries.

**ELEVENTH DEFENSE**

The comparative and contributory negligence of Plaintiffs proximately caused or contributed to the alleged damages, injuries and losses, if any, sustained by them. Any recovery by Plaintiffs is therefore barred or should be diminished accordingly.

**TWELFTH DEFENSE**

BANA invokes the provisions of Miss. Code Ann. § 85-5-7 on apportionment of fault as to all parties and non-parties who may be jointly liable for Plaintiffs' alleged injuries.

**THIRTEENTH DEFENSE**

Plaintiffs' claim for compensatory damages is barred in whole or in part to the extent that no act or omission of BANA alleged in the Complaint was negligent or unreasonable.

**FOURTEENTH DEFENSE**

Plaintiffs' claim for compensatory damages is barred in whole or in part to the extent that they failed to exercise reasonable diligence to mitigate their damages.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent that BANA has not violated any contractual or other legal duty owed to Plaintiffs, if any.

**SIXTEENTH DEFENSE**

BANA denies that any of its actions were willful, wanton, malicious, reckless or in bad faith.

**SEVENTEENTH DEFENSE**

The damages allegedly suffered by Plaintiffs, if any, were the result of the failure of Plaintiffs to use reasonable diligence in performing acts and duties required of Plaintiffs.

**EIGHTEENTH DEFENSE**

Upon information and belief, BANA asserts that any injury or damages sustained by Plaintiffs is offset by amounts owed by Plaintiffs to BANA.

**NINETEENTH DEFENSE**

To the extent Plaintiffs seek punitive damages, Plaintiffs' Complaint fails to state a claim upon which exemplary or punitive damages may be awarded against BANA.

**TWENTIETH DEFENSE**

BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group*, 532 U.S. 923 (2001); and *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**TWENTY-FIRST DEFENSE**

To award punitive damages against BANA in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations of any contract involving Plaintiffs and BANA, if any.

**TWENTY-SECOND DEFENSE**

Any award of punitive damages in this case must comply with the Commerce Clause of the United States Constitution. Specifically, to award punitive damages against BANA in this case would violate the Commerce Clause by chilling and impeding BANA.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred by their lack of standing.

**TWENTY-FOURTH DEFENSE**

BANA reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

WHEREFORE, BANA denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests that the Court enter a judgment providing that:

1. The Complaint in this action be dismissed in its entirety;
2. BANA be awarded its costs incurred in the defense of this action, including its reasonable attorney's fees; and
3. BANA be awarded such other and further relief as the Court deem just and proper.

Respectfully submitted, this the 13th day of April, 2015.

/s/ Anna Sweat
Kathleen Shields O'Beirne (MS Bar No. 102574)
Anna C. Sweat (MS Bar No. 104485)
BRADLEY ARANT BOULT CUMMINGS LLP
188 E. Capitol Street, Suite 400
Jackson, MS 39201
Telephone: (601) 948-8000
Fax: (601) 948-3000
kobeirne@babc.com
asweat@babc.com

ATTORNEYS FOR BANK OF AMERICA, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to the following:

Warren L. Conway
Conway & Martin, P.C.
Attorneys at Law
1600 24th Avenue, Suite B
Post Office Box 757
Gulfport, MS 39502-0757
wconway@conwaymartin.com

/s/ Anna Sweat________________
OF COUNSEL